ELECTRONICALLY FILED
9/14/2026 3:26 PM
26-CV-2026-900199.00
CIRCUIT COURT OF
DALE COUNTY, ALABAMA
DELORES WOODHAM, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93 Rev. 9/25 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas[e Number:]<br>26[...]<br>Date of Filing: 09/14/2026<br>Judge Code: |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA**

**A.W., A MINOR CHILD BY AND THROUGH HER MOTHER AND NEXT FRIEND SYBINNER GRAY ET AL v. ATEGRI**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other: ____________

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ **INITIAL FILING** A ☐ **APPEAL FROM DISTRICT COURT** P ☐ **APPEAL FROM PROBATE COURT** O ☐ **OTHER**

**HAS JURY TRIAL BEEN DEMANDED?** ☐ **YES** ☑ **NO**

**Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**

| RIG008 | 9/14/2026 3:26:24 PM | /s/ FRANK BRADY RIGDON |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:** ☐ **YES** ☑ **NO** ☐ **UNDECIDED**

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ **YES** ☐ **NO**

ELECTRONICALLY FILED
9/14/2026 3:26 PM
26-CV-2026-900199.00
CIRCUIT COURT OF
DALE COUNTY, ALABAMA
DELORES WOODHAM, CLERK

**IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA**

**SYBINNER GRAY, Individually, and as Mother and Next Friend of A.W., a Minor Child,**

**Plaintiff,**

**v.**

**ATEGRITY SPECIALTY INSURANCE COMPANY; and MAGAN R. KOKER, an individual,**

**Defendants.**

**Case No.: _______________**

## COMPLAINT

COME NOW Plaintiffs A.W., a minor child, by and through her mother and next friend, Sybinner Gray, and Sybinner Gray, individually (collectively, "Plaintiffs"), and file this Complaint against Defendants Ategrity Specialty Insurance Company ("Ategrity") and Magan Rene Koker ("Koker"), and in support thereof, state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Sybinner Gray is an adult resident citizen of Alabama and the mother, natural guardian, and next friend of the minor Plaintiff A.W.

2. Defendant Magan Rene Koker is, upon information and belief, an adult resident citizen of Dale County, Alabama, whose last known address is 1203 County Road 445, Enterprise, AL 36330.

3. Defendant Ategrity Specialty Insurance Company is a foreign insurance company doing business in the State of Alabama, with a principal place of business located at 14000 North Pima Road, Suite 200, Scottsdale, Arizona 85260, and is subject to the jurisdiction of this Court by virtue of its issuance of a policy of insurance covering an Alabama insured for risks arising in Alabama.

4. This Court has subject-matter jurisdiction pursuant to Ala. Code § 12-11-30, which vests the circuit courts of Alabama with original jurisdiction over all civil actions in which the matter in controversy exceeds the jurisdictional limits of the district court.

5. This Court has personal jurisdiction over Ategrity because it issued a policy of insurance covering an Alabama-domiciled insured, Happy Hearts Christian Academy Daycare, LLC ("Happy Hearts"), and its employees for acts and omissions occurring in Alabama, and has otherwise transacted business in this State.

6. Venue is proper in Dale County, Alabama, because the underlying judgment sought to be enforced was entered by this Court in Case No. 26-CV-2024-900147.00; the acts and omissions giving rise to the underlying judgment occurred in Dale County; Defendant Koker resides in Dale County; and the insured, Happy Hearts, was located in Dale County.

**FACTUAL ALLEGATIONS**

7. On or about September 12, 2024, and on preceding dates, the minor Plaintiff A.W. was a student enrolled at Happy Hearts, located in Dale County, Alabama.

8. Defendant Magan Rene Koker was, at all times relevant, an employee of Happy Hearts and was acting within the line and scope of her employment when caring for and supervising A.W.

9. During A.W.'s enrollment at Happy Hearts, Koker committed a series of negligent acts and omissions in her care and supervision of A.W., causing A.W. to sustain physical injuries, bruising, and lasting psychological trauma, including post-traumatic stress disorder.

10. On or about October 1, 2024, Plaintiffs filed a civil action against Happy Hearts Christian Academy, LLC, Kailey Gilley, and Magan Koker in the Circuit Court of Dale County, Alabama, Case No. 26-CV-2024-900147.00, seeking damages for bodily injury arising from the incident.

11. On or about January 16, 2026, Koker entered into a written settlement agreement with Plaintiffs in which she acknowledged, among other things, her negligent failure to: (a) maintain visual and auditory supervision of A.W.; (b) appropriately monitor playgrounds, classrooms, bathrooms, and nap rooms; (c) use proper child restraint systems, safety devices, and lifting aids; (d) maintain a child-proofed and secure environment; (e) promptly investigate and report injuries, crying, and other signs of distress; and (f) safely and gently handle Plaintiff A.W., including refraining from rough or harsh handling.

12. On May 4, 2026, the Court entered a Judgment Order in favor of Plaintiffs and against Koker in the underlying action styled *A.W., a minor child, by and through her Mother and Next*

*Friend, Sybinner Gray, et al. v. Kailey Gilley, Magan Koker, and Happy Hearts Christian Academy Daycare, LLC*, Case No. 26-CV-2024-900147.00, in the Circuit Court of Dale County, Alabama, in the amount of $1,000,000.00 (the "Judgment").

13. The Judgment against Koker is final, has not been vacated, modified, or appealed, and remains wholly unsatisfied.

14. More than thirty (30) days have elapsed since entry of the Judgment against Koker.

15. At all times relevant, Ategrity insured Happy Hearts and its employees, including Koker, under Policy No. 01-C-PK-P20107213-0, for the policy period of May 14, 2024, through May 14, 2025, (the "Policy") with limits of $1,000,000 Each Claim and $2,000,000 Aggregate.

16. The Policy insured Koker, as an employee of Happy Hearts acting within the line and scope of her employment, against claims arising from the negligent performance of her duties as a childcare worker, including the negligent supervision, handling, and care of children enrolled at Happy Hearts.

17. The Policy was in force at all times relevant to the underlying claims and the entry of the Judgment against Koker.

18. Ategrity received timely notice of the claims asserted against its insured, Happy Hearts and its employees, including Koker, and had an opportunity to defend, investigate, and settle the claims prior to entry of the Judgment.

19. Despite the entry of the $1,000,000.00 Judgment against Koker, Ategrity has failed and refused to satisfy the Judgment or to tender the applicable Policy limits on behalf of its insured, Koker.

20. More than thirty (30) days have elapsed since the entry of the Judgment against Koker, and the Judgment remains wholly unsatisfied.

21. Plaintiffs have sustained actual loss, injury, and damages as a result of Ategrity's failure to pay the Judgment entered against its insured, Koker, in an amount equal to the applicable Policy limits, up to $1,000,000.00.

## COUNT ONE

**DEMAND FOR SATISFACTION OF JUDGMENT PURSUANT TO ALA. CODE § 27-23-2**

22. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

23. Pursuant to Ala. Code § 27-23-2, when a judgment is rendered against any person insured under an insurance policy, and such judgment remains unsatisfied for more than thirty (30) days after its entry, the judgment creditor has a right of action against the insurer to the extent of the insurance applicable to the judgment.

24. The Judgment entered against Koker on May 4, 2026, in the amount of $1,000,000.00, is a final, unsatisfied judgment against a person insured under the Ategrity Policy.

25. More than thirty (30) days have elapsed since entry of the Judgment, and it remains wholly unsatisfied as of the date of this Complaint.

26. Ategrity issued the Policy covering Koker against all claims arising from the negligent performance of her duties as a childcare worker, including the negligent supervision, handling, and care of children enrolled at Happy Hearts.

27. The conduct underlying the Judgment — specifically Koker's negligent supervision, handling, and care of A.W. — is covered under the terms of the Policy, and does not fall within any applicable exclusion.

28. Plaintiffs are entitled, pursuant to Ala. Code § 27-23-2, to judgment against Ategrity directing the application of the Policy proceeds to satisfy the Judgment against Koker, up to the applicable Policy limits of $1,000,000.00.

## COUNT TWO

**ENFORCEMENT OF JUDGMENT AGAINST MAGAN RENE KOKER**

29. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

30. Defendant Koker is bound by the Judgment entered against her on May 4, 2026, in the amount of $1,000,000.00.

31. Koker has failed and refused to satisfy the Judgment, and it remains wholly unsatisfied.

32. Plaintiffs are entitled to all relief available at law and equity to enforce the Judgment against Koker, including but not limited to post-judgment interest, costs, and any other relief the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs A.W., a minor child, by and through her mother and next friend, Sybinner Gray, and Sybinner Gray, individually, respectfully pray that this Court enter judgment in their favor and against Defendants Ategrity Specialty Insurance Company and Magan Rene Koker as follows:

1. As to Ategrity: A judgment pursuant to Ala. Code § 27-23-2 directing Ategrity to apply the proceeds of the Policy to satisfy the Judgment against Koker, in the amount of One Million Dollars and 00/100 ($1,000,000.00), or such lesser amount as represents the applicable Policy limits;
2. As to Koker: A judgment confirming the enforceability of the May 4, 2026, Judgment Order against Koker, together with post-judgment interest at the rate provided by Alabama law from the date of entry of the Judgment;
3. An award of court costs and litigation expenses; and
4. Such other and further relief, legal or equitable, as this Court deems just and proper.

.

Respectfully submitted,

*/s/ F. Brady Rigdon*
F. Brady Rigdon (RIG008)
Attorney for Plaintiffs

**OF COUNSEL:**

MONGE & ASSOCIATES
8205 Dunwoody Place
Building 19
Atlanta, GA 30350
Phone: (205) 635-2290
Fax: (678) 579-0204
brady@monge.lawyer

**DEFENDANTS TO BE SERVED VIA PROCESS SERVER AND/OR CERTIFIED MAIL AS FOLLOWS:**

Ategrity Specialty Insurance Company
14000 North Pima Road, Suite 200
Scottsdale, AZ 85260
claims@ategrity.com

Magan Rene Koker
1203 County Road 445
Enterprise, AL 36330

*/s/ F. Brady Rigdon*
F. Brady Rigdon (RIG008)
Attorney for Plaintiffs

ELECTRONICALLY FILED
9/14/2026 3:26 PM
26-CV-2026-900199.00
CIRCUIT COURT OF
DALE COUNTY, ALABAMA
DELORES WOODHAM, CLERK

**IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA**

**SYBINNER GRAY, Individually, and as Mother and Next Friend of A.W., a Minor Child,**

**Plaintiff,**

**v.**

**ATEGRITY SPECIALTY INSURANCE COMPANY; and MAGAN R. KOKER, an individual,**

**Defendants.**

**Case No.: _______________**

**PLAINTIFFS' FIRST SET OF CONSOLIDATED DISCOVERY REQUESTS TO DEFENDANT ATEGRITY SPECIALTY INSURANCE COMPANY**

COME NOW the Plaintiffs and hereby serve the following Interrogatories, Requests for Production of Documents, and Requests for Admission upon Defendant Ategrity Specialty Insurance Company (hereinafter "Defendant" or "Ategrity"), to be answered separately in the form provided by law and under oath within forty-five (45) days of the date of service. These requests shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these interrogatories are addressed ascertains any change, different or added fact, condition or circumstances, or that there be any other witness(es) or evidence. Each interrogatory is addressed to the personal knowledge of Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

**Preliminary Instructions and Definitions**

"You" and "Ategrity" mean Ategrity Specialty Insurance Company and its officers, directors, employees, agents, adjusters, coverage counsel, third-party administrators, reinsurers, and anyone acting on its behalf.

"The Policy" means Policy No. 01-C-PK-P20107213-0 issued to Happy Hearts Christian Academy, LLC, for the period 05/14/2024–05/14/2025, including all forms, endorsements, schedules, and declarations (including Endorsement ASIC-GL-0024-1022, Errors & Omissions Coverage Part).

"The Underlying Action" means A.W., et al. v. Happy Hearts Christian Academy, LLC, *et al.*, Circuit Court of Dale County, Alabama, Case No. 26-CV-2024-900147.00.

"The Judgment" means the Final Judgment entered on May 4, 2026, against Magan Rene Koker in the amount of $1,000,000.00.

"The Insureds" means Happy Hearts Christian Academy, LLC, and Magan Rene Koker.

"The Claim" means all notice, tenders, communications, and coverage decisions relating to the incidents involving A.W. between September 9, 2024, and September 12, 2024.

"Document" and "Communication" are to be construed in their broadest sense under Ala. R. Civ. P. 34 and include ESI, text messages, emails, claim notes, diary entries, voicemails, recordings, and metadata. These requests are continuing under Ala. R. Civ. P. 26(e). If any response is withheld on privilege grounds, produce a privilege log identifying the document, date, author, recipients, and basis for withholding.

**INTERROGATORIES**

1. Identify each person with knowledge of the Claim, the coverage decision, the defense (or non-defense) of the Insureds, and any bad-faith analysis, including their role, dates of involvement, and current contact information.

2. Identify the claim number, all adjusters (primary, supervisory, large-loss, extra-contractual), coverage counsel, and any third-party administrator(s) assigned to the Claim, and state the dates each was involved.

3. Identify each policy, endorsement, or coverage form issued by Ategrity that was or may have been applicable to the allegations in the Underlying Claim, including policy numbers, effective dates, named insureds, per-occurrence and aggregate limits, and any applicable sub-limits (including any physical/sexual abuse sub-limit)

4. Itemize all limits available under the Policy for the Claim, including but not limited to per-claim and aggregate limits under the General Liability Coverage Part, the Errors & Omissions Coverage Part (Endorsement ASIC-GL-0024-1022), any Sexual/Physical Abuse or Molestation coverage or sublimits, and any excess or umbrella coverage.

5. Identify each Policy exclusion, condition, or limitation that Ategrity contends bars, limits, or reduces coverage for the negligence claims asserted against Ms. Koker in the Underlying Action, and state the complete factual and legal basis for the application of each.

6. Identify each policy provision, exclusion, limitation, condition, or endorsement Ategrity contends bars, limits, or reduces coverage for the Judgment, and for each, state in detail every fact upon which Ategrity relies.

7. Describe the coverage investigation Ategrity conducted for the Claim, including all steps taken to distinguish covered negligent acts from any intentional or criminal acts, and identify each person who performed those steps.

8. State whether Ategrity contends that the negligence allegations against Ms. Koker in Count Three of the Complaint in the Underlying Action fell outside the scope of coverage provided by the Policy, and if so, state the complete factual and legal basis for that contention.

9. State the exact date on which Ategrity first received notice of the claims against Magan Rene Koker in the Underlying Action, identify the person(s) who received such notice, and describe the form of notice received (e.g., tender by insured, summons, correspondence from counsel, etc.).

10. Describe all steps Ategrity took to investigate the negligence claims asserted against Ms. Koker in the Underlying Action, including the dates, persons involved, materials reviewed, witnesses interviewed, and any surveillance video or DHR/law enforcement records obtained or reviewed.

11. State, in complete detail, the basis for Ategrity's determination as to whether Ms. Koker qualifies as an "insured" under the Policy, identifying each Policy provision, endorsement, exclusion, and fact relied upon.

12. State whether Ategrity ever offered or provided a defense (under reservation of rights or otherwise) to Magan Rene Koker or Kailey Gilley in the Underlying Action; if not, state each reason for declining.

13. State, in complete detail, the basis for Ategrity's decision not to provide a defense to Ms. Koker in the Underlying Action, including the date the decision was made, the person(s) who made the decision, and each Policy provision, exclusion, fact, or legal authority relied upon.

14. Identify and describe every reservation of rights letter, coverage position letter, denial letter, or coverage opinion issued or received concerning the Claim, including author, recipient, and date.

15. Identify all communications between Ategrity and Ms. Koker (or anyone acting on her behalf) from the date Ategrity first received notice of the Underlying Action through the date of the Final Judgment, including the date, participants, method of communication, and substance of each communication.

16. Identify every claim, lawsuit, or notice received by Ategrity involving Happy Hearts Christian Academy, LLC, or its employees from 2021 through the present time, and state the disposition of each.

17. Identify all reinsurers, excess carriers, or indemnitors with any interest in the Claim, and describe all communications with them concerning the Claim, coverage, defense, or settlement.

18. Identify each manual, guideline, bulletin, protocol, or written policy that governed Ategrity's handling of the Claim, including claims handling, coverage analysis, defense obligations, extra-contractual exposure, and reservation-of-rights practices.

19. Identify each fact Ategrity contends supports application of any Sexual and/or Physical Abuse limitation, criminal-acts exclusion, or intentional-acts exclusion to either Judgment, and identify all documents supporting that contention.

20. Identify each expert (retained or consulting) Ategrity has consulted concerning coverage, defense, or the value of the Claim, and state whether Ategrity intends to call any as a testifying witness.

21. Describe Ategrity's understanding of the negligence findings set forth in the Judgments against Ms. Koker and identify all facts Ategrity contends distinguish those findings from acts covered by the Policy's Errors & Omissions Coverage Part.

22. State in detail the basis for Ategrity's refusal to satisfy the Judgment entered against Magan Rene Koker.

23. Identify all persons involved in the decision not to satisfy the Judgment within 30 days of entry, and state the date, substance, and basis of that decision.

24. State whether Ategrity contends any act or omission by the Insureds (including cooperation, notice, or consent to settle) provides a basis to deny or limit coverage, and describe all supporting facts.

25. State whether Ategrity contends that the settlement agreement between Plaintiff and Ms. Koker was collusive, unreasonable, or not the product of arm's-length negotiation, and if so, state the complete factual basis for that contention.

26. If Ategrity contends that any prior tender, payment, or release satisfied, discharged, or reduced Ategrity's obligations with respect to the Final Judgment against Ms. Koker, state the complete factual and legal basis for that contention

27. Identify all documents Ategrity intends to rely upon at trial to support its coverage position and defenses in this action.

28. Identify each fact witness Ategrity may call to testify at trial or at any hearing in this action, and state the subject matter of each witness's expected testimony.

## REQUESTS FOR PRODUCTION

1. The complete, certified underwriting file for the Policy, including the application, binder, quote, underwriting notes, inspection reports, and all endorsements and declarations pages.
2. The complete claim file for the Claim, including all adjuster notes, diary entries, activity logs, coverage evaluations, reserve worksheets, supervisor reviews, and internal correspondence, from first notice to present.
3. All reservation of rights letters, coverage position letters, denial letters, and coverage opinions concerning the Claim, including drafts.
4. All non-privileged communications (emails, letters, texts, recorded calls, voicemails) between Ategrity and any Insured, including Ms. Koker and Ms. Gilley, concerning the Claim, coverage, defense, or the Underlying Action.
5. All non-privileged communications between Ategrity and defense counsel, coverage counsel, monitoring counsel, or any third-party administrator concerning the Claim.
6. All non-privileged communications between Ategrity and any reinsurer, excess carrier, or broker concerning the Claim.
7. All reserve information for the Claim, including initial reserves, adjustments, dates, and the person(s) who set or approved them.
8. All claim-handling manuals, guidelines, best practices, bulletins, and training materials in effect from 2024 to present addressing: (a) coverage analysis for daycare/E&O policies; (b) sexual or physical abuse claims; (c) duty to defend under reservation of rights; (d) extra-contractual/bad-faith exposure; and (e) claims involving employees accused of criminal acts.
9. All documents identifying the Ategrity personnel involved in the Claim, including organizational charts and job descriptions for adjusters, supervisors, and coverage counsel.
10. All documents reflecting the Ategrity policyholder file for Happy Hearts Christian Academy, LLC, including prior claims, loss runs, and correspondence.
11. All documents received from, or sent to, the Alabama Department of Human Resources, law enforcement, prosecutors, or any regulator concerning the incidents involving A.W.
12. All non-privileged documents concerning any investigation Ategrity conducted into the September 2024 incidents at Happy Hearts, including witness statements, interviews, and photographs.
13. All statements (recorded or written) obtained from any witness, party, or insured concerning the incident of September 12, 2024, the Named Insured's operations, Ms. Koker, Ms. Gilley, or the Underlying Action.

14. All non-privileged documents received from Carr Allison attorneys and staff concerning the Claim, the Underlying Action, or coverage.

15. All documents reflecting or discussing the Judgments entered May 4, 2026, the Plaintiffs' May 28, 2026, Demand, the June 26, 2026, Demand Response Letter, and any internal analysis of the same.

16. All documents reflecting Ategrity's decision not to defend Ms. Koker and/or Ms. Gilley in the Underlying Action, including internal correspondence and analyses.

17. All documents evidencing the full Policy, including all endorsements, forms, schedules, and declarations, in certified form.

18. All documents reflecting any other daycare policies issued by Ategrity containing the Policy’s Errors & Omissions Coverage Part (Endorsement ASIC-GL-0024-1022) and any interpretive memoranda, bulletins, or claim decisions applying that endorsement.

19. All documents reflecting Ategrity's audit, quality-review, or peer-review findings on the Claim.

20. Litigation and coverage files for the last ten (10) years in which Ategrity denied coverage claims based on abuse/molestation, criminal acts, or intentional acts exclusions, sufficient to show Ategrity's pattern and practice (subject to any appropriate protective order).

21. All document retention and litigation hold notices issued by Ategrity concerning the Claim.

22. All expert reports, retention letters, and communications with any expert consulted regarding the Claim or this action.

23. All documents Ategrity intends to introduce at trial or rely upon in support of any defense in this action.

24. Please produce a complete privilege log identifying and describing any documents that were withheld on the grounds that they are subject to any privilege or are otherwise protected from discovery.

## REQUESTS FOR ADMISSION

1. Admit that Ategrity issued Policy No. 01-C-PK-P20107213-0 to Happy Hearts Christian Academy, LLC, with an effective period of 05/14/2024–05/14/2025.

2. Admit that the Policy includes the Errors & Omissions Coverage Part (Endorsement ASIC-GL-0024-1022) with limits of $1,000,000 Each Claim and $2,000,000 Aggregate for "Daycare" services.

3. Admit that on or about May 4, 2026, the Circuit Court of Dale County entered a Final Judgment against Magan Rene Koker in the amount of $1,000,000.00 in the Underlying Action.

4. Admit that the Judgment against Magan Koker is based on findings of negligence.

5. Admit that Ategrity received Plaintiffs' Demand for Satisfaction of Judgments dated May 28, 2026.

6. Admit that more than 30 days have passed since entry of each Judgment and that no portion of either Judgment has been paid by Ategrity.

7. Admit that the Errors & Omissions Coverage Part provides coverage for negligent acts, errors, or omissions of insured employees in rendering daycare services.

8. Admit that the Complaint filed in the Underlying Action alleged acts of negligence against Ms. Koker.

9. Admit that Ategrity has not identified any policy provision that expressly excludes coverage for negligent acts by insured employees that occurred alongside, or contemporaneously with, uncovered conduct.

10. Admit that Ategrity received notice of the incidents involving A.W. at Happy Hearts Christian Academy, LLC, occurring between September 9, 2024, and September 12, 2024.

11. Admit that Ategrity opened Claim No. 01CCG2024002433 in connection with the incidents involving A.W.

12. Admit that Ategrity received notice of the Underlying Action no later than December 12, 2024.

13. Admit that Ategrity made a deliberate decision not to extend defense coverage to Ms. Koker in the Underlying Action despite retaining Carr Allison to defend Happy Hearts Christian Academy, LLC, in the same action.

14. Admit that from the date Ategrity first received notice of the Underlying Action through the date of the May 4, 2026, Final Judgment, Ategrity never contacted Ms. Koker to advise her that a defense might be available under the Policy.

15. Admit that the Policy's Errors & Omissions Coverage Part (Endorsement ASIC-GL-0024-1022) provides that employees of the Named Insured are "insureds" for acts within the scope of their employment or while performing duties related to the conduct of the Named Insured's business.

16. Admit that the Policy's Commercial General Liability Coverage Form (CG 00 01 04 13) provides that employees of the Named Insured are "insureds" for acts within the scope of

their employment or while performing duties related to the conduct of the Named Insured's business.

17. Admit that Ms. Koker qualified as an "insured" under the Policy’s Errors & Omissions Coverage Part with respect to the negligence claims asserted against her in the Underlying Action.

18. Admit that Ms. Koker qualified as an "insured" under the Policy’s Commercial General Liability Coverage Form with respect to the negligence claims asserted against her in the Underlying Action.

19. Admit that Ms. Koker was an "employee" of Happy Hearts Christian Academy, LLC, within the meaning of the Policy at the time of the incidents alleged in the Underlying Action.

20. Admit that the Policy’s Errors & Omissions Coverage Part provides that Ategrity has both the right and the duty to defend its insured against any suit seeking damages.

21. Admit that the Policy’s Commercial General Liability Coverage Form provides that Ategrity has both the right and the duty to defend its insured against any suit seeking damages.

22. Admit that the Policy's duty to defend applies even if the allegations of the suit are groundless, false, or fraudulent.

23. Admit that the Policy’s Alabama Punitive or Exemplary Damage Exclusion endorsement provides that where a suit is brought against any insured seeking both compensatory and punitive damages, Ategrity is obligated to provide defense to such action.

24. Admit that Ategrity did not issue a reservation of rights letter to Ms. Koker in connection with the Underlying Action.

25. Admit that Ategrity did not defend Ms. Koker in the Underlying Action under a reservation of rights.

26. Admit that Ategrity did not seek a declaratory judgment regarding its defense or indemnity obligations to Ms. Koker prior to entry of the May 4, 2026, Final Judgment.

27. Admit that Ategrity made no communication to Ms. Koker offering to provide a defense to the negligence claims asserted against her in the Underlying Action.

28. Admit that Ategrity never advised Ms. Koker in writing that the negligence claims asserted against her in the Underlying Action fell outside the scope of coverage.

29. Admit that Ategrity made no attempt to distinguish, for defense purposes, between the negligence counts and the wantonness or intentional-conduct counts asserted against Ms. Koker in the Underlying Action.

30. Admit that no notice-related defense — including late notice, failure to cooperate, or failure to tender — provides a basis to deny coverage for the negligence Judgment entered against Ms. Koker on May 4, 2026.

31. Admit that no exclusion in the Policy expressly relieves Ategrity of the duty to defend an insured employee against negligence claims arising out of the performance of daycare services.

32. Admit that Ategrity is bound by the May 4, 2026, Final Judgment entered against Ms. Koker with respect to the factual findings of negligence set forth therein.

33. Admit that Ategrity is estopped, by its refusal to defend, from contesting coverage for the negligence findings underlying the May 4, 2026, Final Judgment against Ms. Koker.

Respectfully submitted,

*/s/ F. Brady Rigdon*
F. Brady Rigdon (RIG008)
Attorney for Plaintiffs

**OF COUNSEL:**

MONGE & ASSOCIATES
8205 Dunwoody Place
Building 19
Atlanta, GA 30350
Phone: (205) 635-2290
Fax: (678) 579-0204
brady@monge.lawyer

**TO BE SERVED WITH COMPLAINT**

AlaFile E-Notice

26-CV-2026-900199.00

To: FRANK BRADY RIGDON
brady@monge.lawyer

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

A.W., A MINOR CHILD BY AND THROUGH HER MOTHER AND NEXT FRIEND SYBINNER
26-CV-2026-900199.00

The following complaint was FILED on 9/14/2026 3:26:25 PM

Notice Date: 9/14/2026 3:26:25 PM

DELORES WOODHAM
CIRCUIT COURT CLERK
DALE COUNTY, ALABAMA
P.O BOX 1350
OZARK, AL, 36361

334-774-5003

AlaFile E-Notice

26-CV-2026-900199.00

To: ATEGRITY SPECIALTY INSURANCE COMPANY
14000 N PIMA ROAD
SUITE 200
SCOTTSDALE, AZ, 85260

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

A.W., A MINOR CHILD BY AND THROUGH HER MOTHER AND NEXT FRIEND SYBINNER
26-CV-2026-900199.00

The following complaint was FILED on 9/14/2026 3:26:25 PM

Notice Date: 9/14/2026 3:26:25 PM

DELORES WOODHAM
CIRCUIT COURT CLERK
DALE COUNTY, ALABAMA
P.O BOX 1350
OZARK, AL, 36361

334-774-5003

AlaFile E-Notice

26-CV-2026-900199.00

To: MAGAN RENE KOKER
1203 COUNTY ROAD 445
ENTERPRISE, AL, 36330

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

A.W., A MINOR CHILD BY AND THROUGH HER MOTHER AND NEXT FRIEND SYBINNER
26-CV-2026-900199.00

The following complaint was FILED on 9/14/2026 3:26:25 PM

Notice Date: 9/14/2026 3:26:25 PM

DELORES WOODHAM
CIRCUIT COURT CLERK
DALE COUNTY, ALABAMA
P.O BOX 1350
OZARK, AL, 36361

334-774-5003

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2024 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>26-CV-2026-900199.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA COUNTY, ALABAMA**
**A.W., A MINOR CHILD BY AND THROUGH HER MOTHER AND NEXT FRIEND SYBINNER**

**NOTICE TO:** ATEGRITY SPECIALTY INSURANCE COMPANY, 14000 N PIMA ROAD SUITE 200, SCOTTSDALE, AZ 85260
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
FRANK BRADY RIGDON ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 8205 DUNWOODY PLACE, BLD 19, ATLANTA, GA 30350 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of A.W., A MINOR CHILD BY AND THROUGH HER MOTHER AND NEXT FRIEND SYBINNER GRAY *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

09/14/2026 *(Date)* /s/ DELORES WOODHAM *(Signature of Clerk)* By: ________ *(Name)*

☑ Certified Mail is hereby requested. /s/ FRANK BRADY RIGDON *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on ________ *(Date)* .

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to ________ *(First and Last Name of Person Served)* in ________ *(Name of County)* County, Alabama on ________ *(Date)* .

Document left:

☐ with above-named Defendant;
☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found
☐ I certify that service of process of this Summons and the Complaint or other document was refused by ________ *(First and Last Name of Person Served)* in ________ *(Name of County)* County, Alabama on ________ *(Date)* who is:

☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Server's Printed Name)*

(Badge or Precinct Number of Sheriff or Constable) (Telephone Number of Designated Process Server)

State of Alabama
Unified Judicial System
Form C-34 Rev. 4/2024

# SUMMONS - CIVIL -

**Court Case Number**
26-CV-2026-900199.00

**IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA COUNTY, ALABAMA**
**A.W., A MINOR CHILD BY AND THROUGH HER MOTHER AND NEXT FRIEND SYBINNER**

**NOTICE TO:** MAGAN RENE KOKER, 1203 COUNTY ROAD 445, ENTERPRISE, AL 36330
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
FRANK BRADY RIGDON ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 8205 DUNWOODY PLACE, BLD 19, ATLANTA, GA 30350 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of A.W., A MINOR CHILD BY AND THROUGH HER MOTHER AND NEXT FRIEND SYBINNER GRAY *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

09/14/2026 *(Date)* /s/ DELORES WOODHAM *(Signature of Clerk)* By: ____ *(Name)*

☑ Certified Mail is hereby requested. /s/ FRANK BRADY RIGDON *(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on ____________ *(Date)*.

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to ____________ *(First and Last Name of Person Served)* in ____________ *(Name of County)* County, Alabama on ____________ *(Date)*.

Document left:

☐ with above-named Defendant;
☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found
☐ I certify that service of process of this Summons and the Complaint or other document was refused by ____________ *(First and Last Name of Person Served)* in ____________ *(Name of County)* County, Alabama on ____________ *(Date)* who is:

☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Server's Printed Name)*

(Badge or Precinct Number of Sheriff or Constable) (Telephone Number of Designated Process Server)

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

9589 0710 5270 4061 3578 34

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee<br>$ | Postmark Here<br>SEP 15 2026 |
| Extra Services & Fees *(check box, add fee as appropriate)*<br>☒ Return Receipt (hardcopy) $ ______<br>☐ Return Receipt (electronic) $ ______<br>☐ Certified Mail Restricted Delivery $ ______<br>☐ Adult Signature Required $ ______<br>☐ Adult Signature Restricted Delivery $ ______ | |
| Postage<br>$ | |
| Total Postage and Fees<br>$ | CV-26-900199 |

*Sent To* Magan Rene Kokex

*Street and Apt. No., or PO Box No.* 1263 CR 445

*City, State, ZIP+4®* Enterprise, AL 36330

**PS Form 3800, January 2023** PSN 7530-02-000-9047 **See Reverse for Instructions**

9589 0710 5270 4061 3578 41

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
- [X] Return Receipt (hardcopy) $
- [✓] Return Receipt (electronic) $
- [ ] Certified Mail Restricted Delivery $
- [ ] Adult Signature Required $
- [ ] Adult Signature Restricted Delivery $

Postmark Here

SEP

Postage
$

Total Postage and Fees
$

Cv-26-900199

Sent To
Aegrity Specialty Ins. Comp

Street and Apt. No., or PO Box No.
14000 N Pima Rd Ste 200

City, State, ZIP+4®
Scottsdale, Az 85260

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

DOCUMENT 7

COUNTY CIRCUIT CLERK
P.O. BOX 1350
OZARK, AL 36361

CERTIFIED MAIL

9589 0710 5270 4061 3578 34

US POSTAGE
quadient
$012.76

NIXIE 326 DE 18CU 0010/28/26
RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD
BC: 36361135050 2175N201092-00045

Magan Rene Koker
1203 CR 445
Enterprise, AL 36330

NAME: ______ DATE: ______
1ST NOTICE: 9.18
2ND NOTICE: 9.23
RETURN: 10.3

FILED
DALE COUNTY, AL
NOV - 3 2026
DELORES WOODHAM
CIRCUIT CLERK

DOCUMENT 7

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MAGAN RENE KOKER
1203 COUNTY ROAD 445
ENTERPRISE, AL 36330

9590 9402 9953 5335 8712 82

2. Article Number (Transfer from service label)

9589 0710 5270 4061 3578 34

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

CV-26-900199

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...red Mail
☐ ...red Mail Restricted Delivery
...r $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

AlaFile E-Notice

26-CV-2026-900199.00

Judge: KIMBERLY A CRAWFORD

To: RIGDON FRANK BRADY
brady@monge.lawyer

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

A.W., A MINOR CHILD BY AND THROUGH HER MOTHER AND NEXT FRIEND SYBINNER
26-CV-2026-900199.00

The following matter was not served on 11/3/2026

**D002 KOKER MAGAN RENE**

**Corresponding To**

UNCLAIMED CERT MAIL

DELORES WOODHAM
CIRCUIT COURT CLERK
DALE COUNTY, ALABAMA
P.O BOX 1350
OZARK, AL, 36361

334-774-5003

AlaFile E-Notice

26-CV-2026-900199.00

Judge: KIMBERLY A CRAWFORD

To: RIGDON FRANK BRADY
brady@monge.lawyer

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

A.W., A MINOR CHILD BY AND THROUGH HER MOTHER AND NEXT FRIEND SYBINNER
26-CV-2026-900199.00

The following matter was not served on 11/3/2026

**D002 KOKER MAGAN RENE**

**Corresponding To**

UNCLAIMED CERT MAIL

DELORES WOODHAM
CIRCUIT COURT CLERK
DALE COUNTY, ALABAMA
P.O BOX 1350
OZARK, AL, 36361

334-774-5003